IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PINNACLE BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:21-cv-00626-CWB |
| | ) |
| PATRICK COX, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Pinnacle Bank seeks to hold Patrick Cox liable under several guaranty agreements securing the financial obligations of Hardaway Partners, LLC.  The pleadings stipulate that there is a complete diversity of citizenship and that the amount in controversy exceeds $75,000 exclusive of interest and costs.  This court thus has jurisdiction pursuant to 28 U.S.C. § 1332(a).

The case now comes before the court on Pinnacle's Motion for Summary Judgment. (Doc. 14).  In response thereto, Cox filed a single sentence pleading to inform the court that he "does not have sufficient grounds to oppose Plaintiff's Motion for Summary Judgment." (Doc. 16).

**II.     Legal Standard**

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  The court is to review all such evidence in a light most favorable to the nonmovant and must draw all reasonable inferences in the nonmovant's favor.  *See, e.g., Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234,1242-43 (11th Cir. 2001).

Although Cox has not opposed Pinnacle's request for summary judgment, it is improper for the court to enter summary judgment on that basis alone.  *See U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)). Even when, as here, a motion for summary judgment is unopposed, the court still must consider the merits and determine whether summary judgment indeed is "appropriate."  *Id.*; *see also* Fed. R. Civ. P. 56(e).  That being said, the court is not required to *sua sponte* review all of the evidentiary materials on file but simply must review those evidentiary materials submitted with the motion to ensure that summary judgment is properly supported.  *Id*. at 1101-02.

**III.   Discussion**

Pinnacle supports its motion for summary judgment with the affidavit of Lance Miller, Senior Vice President of Special Assets, who sets out facts and authenticates documents material to the summary judgment argument.  (Doc. 14-1).  Such unrefuted submissions establish that Pinnacle issued an Irrevocable Standby Letter of Credit for the benefit of Hardaway on April 16, 2020 in the amount of $10,000,000.  (Doc. 14-1 at p. 3).  The letter of credit was issued upon the application of Hardaway and expressly stated that the indebtedness would be

2

secured via "a personal guarantee by Patrick Cox." (*Id*. at p. 10).  The application was executed by Cox as "Authorized Representative" for Hardaway, and Cox additionally executed a freestanding Guaranty Agreement.  (*Id*. at pp. 10, 41).

Hardaway subsequently issued a draw for the full $10,000,000, and Pinnacle issued payment to the intended beneficiary as directed.  (*Id*. at p. 3).  It is unclear from the record when payment was originally due under the letter of credit; however, on August 18, 2020, Pinnacle and Hardaway entered into a Loan and Security Agreement, along with a corresponding Promissory Note, to memorialize a maturity date of October 18, 2020.  (*Id*. at p. 26).  The Promissory Note referred to, and was secured by, another Guaranty Agreement executed by Cox.  (*Id*. at p. 27, 33).  That Guarantee Agreement in turn contained an unconditional commitment by Cox for "full and timely payment and performance … of all amounts due to [Pinnacle]." (*Id*. at p. 33).

Neither Hardaway nor Cox discharged the outstanding indebtedness owed to Pinnacle by the October 18, 2020 maturity date.  The parties entered into a Modification Agreement dated December 28, 2020 that extended the maturity date until November 15, 2021, set out a schedule for interim payments, and required a mortgage against certain real property as additional security. (*Id*. at pp. 49, 51).  The Modification Agreement was executed in pertinent part by Cox as guarantor and contained an express acknowledgement that all terms of the prior Guaranty Agreement remained in effect.  (*Id*. at pp. 52-53, 56).

The record reflects that Hardaway then defaulted on various obligations under the Modification Agreement.  (*Id*. at p. 5).  On or about August 9, 2022, Pinnacle sent Hardaway and Cox written notice that it was accelerating the remaining indebtedness and that all outstanding amounts were deemed due and payable in full.  (*Id*.).  There is no evidence that either Hardaway or Cox made any payments thereafter.

The Complaint contains a single count against Cox for breach of contract arising out of the Guaranty Agreement. (Doc. 1 at p. 5). Per the terms of the Guaranty Agreement, such a claim for enforcement is to be governed by Tennessee law. (Doc. 14-1 at p. 46). "Under Tennessee law, for a breach of contract claim, 'claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach.'" *Driskill v. Regions Bank*, No. 3:18-cv-102, 2021 WL 6332132, at *7 (E.D. Tenn. March 18, 2021) (quoting *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011)).

In support of its motion for summary judgment, Pinnacle has sufficiently demonstrated the existence of a valid and enforceable contract with Cox, *i.e.*, the Guaranty Agreement. Cox has failed to submit any competing evidence or argument that could potentially cause the court to view the Guaranty Agreement with suspicion. Pinnacle further has sufficiently demonstrated that Cox failed to comply with the terms of the Guaranty Agreement. Again, Cox has not submitted any evidence or argument that would cause the court to question whether Hardaway failed to perform under the loan documents or whether he (Cox) failed to perform under the Guaranty Agreement. Finally, the damages caused by Cox's breach are set out in Pinnacle's summary judgment filings: (1) $9,979,572.01 in outstanding principal; (2) $591,594.84 in accrued interest through January 28, 2022; (3) subsequent interest accruing at the rate of $2,772.10 per day; and (4) collection costs and attorney's fees. (Doc. 14-1, at 6).

To summarize, Pinnacle has adequately supported its motion for summary judgment with evidentiary materials establishing that it is entitled to judgment as a matter of law. By failing to file any type of substantive response, Cox has failed to meet his corresponding burden of putting forward "specific facts showing that there is a genuine issue for trial" or demonstrating that judgment as a matter of law otherwise would not be appropriate. Nor has the court's review of the

record uncovered any basis upon which to deny summary judgment. Accordingly, the court finds that Pinnacle is entitled to an entry of summary judgment against Cox as a matter of law.

## IV. Conclusion

For the reasons set forth above, it is hereby ORDERED that Pinnacle's Motion for Summary Judgment (Doc. 14) is GRANTED and that judgment is entered against Patrick Cox on the claim for breach of contract.

It is further ORDERED that Pinnacle shall file a motion for attorneys' fees and costs, with evidentiary support, on or before August 22, 2022. By the same date, Pinnacle also shall file an updated interest calculation through August 31, 2022 and shall provide a per diem for interest accruing thereafter. Cox shall file any opposition to the amounts claimed by Pinnacle no later than September 2, 2022. Final judgment will be entered after a determination of interest, attorneys' fees, and costs has been made.

DONE this the 11th day of August 2022.

/s/
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**